United States District Court of Southern Alabama

Case: Ramie R. Marston V. Attorney David Zimmerman
Plaintiff, Pro Se V. Robert Alan Peters,
V. Jon Paul, US Secret Ser. Agent
Defendants, et al.

U.S. DISTRICT COURT
SOU. DIST, ALA.
FILED IN CLERK'S OFFICE

JAN 19 2022

CHARLES R. DIARD, JR.
CLERK

Civil Claim Per 42 U.S.C.S, 1983

Plaintiff, Ramie Marston, Comes before this Honorable Court and states the following against Defendants; Zimmerman, Peters and Paul; et al.

Procedural and Factual Background;

Plaintiff received letters from Robert Alan Peters while she was incarcerated at FPC Alderson, WV. Plaintiff was to be released from prison August 12, 2018 (having completed her entire Sentence and Supervised Release). Plaintiff did not have many resources upon her release and was not afforded half-way house time. Plaintiff came to learn that Robert Alan Peters was newly released from Federal Prison (Feb. 2018) for armed bank robbery within the State of Oregon. Mr. Peters was on Supervised Release

Pg. 1

Mr. Peters stated he could assist me upon my release. Many emails, phone calls and video visits can attest to this fact. Mr. Peters assured me that he had spoken to his probation officer, Kim Reed. Upon arrival, her told me in person that, he, in fact, had not told his probation officer. I explained to him the severity of this and again he behaved in an aloof manner. Mr. Peters stated "if we get married" that this would cure the problem. On Aug. 15, 2018 Mr. Peters and I were married in a Federal-Veterans Park. Many others issues began to unfold; Mr. Peters would steal merchandise from any store we would visit, claiming "its too expensive" to buy these items". I pleaded with him to not do this and that it made me uncomfortable. Mr. Peters also smoked cigarettes, knowing the excessive expense, and the fact I had/have severe Asthma/COPD and I'm highly allergic to cigarette smoke. Mr. Peters was also a heavy drinker and would behave extremely different after drinkings. Mr. Peters was often insulting, belittling and became physical. In addition to all of this,

I learned that Mr. Peters was actively involved with using illegal drugs, as well as driving with a fake drivers license that he obtained online.

United States Federal Probation Officer Reed advised that she would not allow Mr. Peters to be married to me or for us to live together. Within a mere month of living with Mr. Peters, I moved, with my 21 yr. old son, to an apartment at: 6151 Marina Dr. apt. 510, Mobile, Al. I enrolled in classes at South Alabama University and began my life anew.

Mr. Peters would often come to my home, uninvited and unannounced. If he was drunk the situation would be volatile.

On several occassions, I informed Probation Officer Reed of Mr. Peters antics: actions, His excessive drinking, him getting into physical altercations with my neighbors, his illegal drivers license, his theft, and his harassment of me. I sent Ms. Reed texts and photos of many dealings I had with Mr. Peters.

Pg. 3.

In 2018/2019, Mr. Peters was approched by PO Reed and Secret Service agent Jon Paul. A Federal Case was opened (view within PACER.Gov) indicating US v. Robert Alan Peters 2019. However, Charges were not filed in 2019 and Mr. Peters was placed on home confinement? Yet, Mr. Peters circumvented the system, and would drink after certain hours, or use illegal drugs. I filed for divorce/annulment against Mr. Peters as well as an Order of Protection in 2018. I told Ms. Reed.

All of these combined events cled me struggling mentally, emotionally and financially. I had no where to turn, and any sort of communication I had with Mr. Peters, was out of loneliness or desperation of survival.

As stated, Secret Service Agent, Jon Paul, began a case against us in 2018. Many instances of violations of my civil rights (were violated) during the course of Mr. Paul's investigation against me; medical records, my mental health treatment, his discriminatory intent and purpose, the right of due process and many other mitigating factors exist

pg. 4

with the handling of my case and the investigation of Jon Paul. Mr. Paul spoke to *Matthew DeGeer and several other people regarding me. I know for a fact that Mr. Paul targeted me based upon my previous record from 2009/2010 and he used his position of power to target me and my life. No matter how hard I tried to rebuild my life, he consistently went against me, making repeated calls about me, all in an attempt to destroy me. In essence, I was being prosecuted for my prior cases, heresay, and previous relationships, all over again. To this day, these facts exist.

*Detective Matthew DeGeer, Mobile Police Dept.

I am not afforded the same rights as many other federal detainees based upon the calls, emails and texts sent by Mr. Paul, to the locations that are housing me.

It's been terrifying to contend with, knowing that medical personnel are instructed to: (not believe me) "don't believe her" or "send us her medical records". Every single Privacy Act and Hippa law has been broken; based upon Mr. Paul's badge.

pg. 5

Many other instances exist with the coercion of my criminal case before this Court.

I can readily prove, (as well as the Bureau of Prisons medical records from 2009-2018), (and my present medical records) that I have hypertension, severe asthma, COPD, breast cancer and abnormal blood and pap smear results. While moving me from Nov. 30, 2021 to present day, I have not been able to address my medical issues properly, nor afforded my self care while in confinement. My meds have been lost, my medical records are not forwarded to the next facility and days after transfer I am not given my blood pressure meds, asthma inhalers or mental health medications. Four (4) facilities within 42 days of confinement. I was to have surgery to remove a lump in my right breast the beginning of December. The US Marshal's have repeatedly denied all 'outside' medical visits (to address this) and denied my medical surgery.

Pg. 6.   My present facility has three seperate units

that have Covid-19. Due to the severity of my asthma/COPD, I will not likely survive COVID 19. Yet, Mr. Paul knew this and he instructed the Knoxville, Tennessee Secret Service Agency, a Ms. Cochran, to arrest me "right away" after the Honorable Judge Birins denied my Motion on 11/27/2021.

I have lived at the same address for two years and all of my vehicle registration, drivers license, Etc., are all up to date. Plus, I had retained Counsel, Atty. David Zimmerman, right after learning of the indictment. To date, Robert Alan Peters, has not been arrested and he lives within Mobile, Alabama. Once again, predjudical treatment of me and not anyone else.

Regarding, Defendant David Zimmerman, the extreme incompetant behavior and the filings Mr. Zimmerman has made within my Criminal Case are shocking. He has refused to return repeated calls, he has refused to act on my behalf and he has refused to properly

pg. 7

request my medical records and (financial documents (he filed incorrectly) to be sealed. This has caused me many illnesses/delays of treatment; + to be targeted by the AUSA and the Secret Service more so; and my life destroyed further. He has no regard for anyone else but himself and he has refused to reach out to me or my husband, Mark, to advise the status of my case, etc. He is now refusing the return of the retainer fees and he ignores all calls, texts and emails. I truly believe Mr. Zimmerman should be barred from practicing within the US District Court.

After his denial of the Motion, to allow me to turn myself in, he could have easily refiled a correction addressing the issues. Yet, he refused. This has caused me great harm; physically, mentally, & emotionally.

Pg. 8

Therefore, Plaintiff Marston, respectfully requests the following relief:

(1) Seal all medical records within the Court for public viewing of Ramie Marston.

(2) Hold all necessary hearings in a timely manner, so that Plaintiff Marston can address her medical issues properly.

(3) Restrict all intrusion upon her medical records (or any illegal attempt) to gain them without her permission.

(4) Request Attorney Zimmerman recuse himself from my Criminal Case within the US District Court and request a return of my retainer fee of $10,000.⁰⁰.

(5) Allow for the proper methods of a Magistrate under 28 USC 636(A) to take place without the violation of law, or false statements made by Probation or Secret Service agents with a Vendetta against Plaintiff MARSton.

Pg. 9

(6) Order a Cease and Desist / Restraining Order to be entered against Robert Alan Peters for his continued lies and harassment against Plaintiff Marston.

(7) Hold any hearings necessary, via Zoom or video - to allow Plaintiff Marston (or Defendant Marston) so that she can meet with her doctors, nurses and any facility (medical or mental), asap.

(8) Allow Mrs. Marston to have fair access to the Courts and allow her to prove that she is innocent until proven guilty, she is not a flight risk, especially due to severe medical conditions, she is a non-violent person, a respectful person, who only wants an amicable resolve to all issues at hand.

Certificate of Service: Plaintiff Marston, Pro Se, has sent copies of the civil matter to all Defendants, at their last known addresses; Secret Service Agent Jon Paul, Atty. David Zimmerman, and Robert Alan Peters @ 7943 Success Court, Irvington, Al..
on - 1/11/2022
Ramie R. Marston
5:28 pm EST

Respectfully Submitted,
Ramie R. Marston

Pg. 10

Ramie R. Marston vs. David Zimmerman, Robert Alan Peters and Jon Paul, et al.

## Civil Rights Violations by Defendants
### 42 USCS, 1983 (Parts 1-16)

1. Due Process
2. Health needs and medical treatment
3. Mental health treatment
4. Attorney Fees
5. Privacy Act
6. Discriminatory intent and purpose
7. Judicial bias
8. Refusal of medical treatment while detained.
9. Illegal requests and methods used to obtain information that fall under applicable medical privacy laws.
10. Coercion with intent to hinder civil liberties

11. Although Plaintiff is not sentenced a review of: 18 U.S.C. 3582(c)(1)(A) is warranted due to the complexity and plight of her medical conditions: present detainment.

12. Counsel could have requested Court (and holding facility) to have a video arraignment due to Covid and variants, and allowed a bail hearing, allowing the Honorable Sonja F. Bivins her rulings under 28 USC 636(A) or to quash the matter, or 3142 Title 18, release detention hearing. Phone: 770.305.8000 or raddfvisitation@geogroup.com

By: Ramie R. Marston 1/11/2022

Pg. 11

Ramie R. Marston 04351-069
B3-208
R.A. Deyton Detention Facility
Box 700
Lovejoy, Georgia 30250

United States District Court
of Southern Alabama
113 Saint Joseph Street
Mobile, Alabama
36602

Attn: Clerk of Court